PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| SHERYL A. KURLINSKI, ) | CASE NO.  1:07CV3726 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| ) | BENITA Y. PEARSON |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

**Introduction**

This matter is before the Court on Plaintiff's Application for Payment of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, ECF No. 28[1], to which Defendant (also "the government") has filed an objection, ECF No. 29. Based on a review of the above-captioned matter, the parties' briefs and applicable law, the Court finds that Plaintiff was a prevailing party within the meaning of the EAJA, that Defendant's position was not substantially justified and there are no special circumstances making an award unjust in this case. Accordingly, the Court grants Plaintiff's Application for Payment of Attorney's Fees and awards attorney fees under the EAJA in the total amount of $6,076.10, an amount less than that

---

[1] Plaintiff's counsel also filed a reply brief and an amended reply brief. *See* ECF Nos. 30 and 31 (Reply Brief and Amendment)**.**

(1:07CV3726)

requested by Plaintiff.

## I. Background

Previously in this case, the Court ruled that an Administrative Law Judge ("ALJ") had applied incorrect legal standards in the evaluation of medical opinion evidence and in determining credibility. As a result, the Court ordered that the ALJ's decision regarding credibility and the treatment of physicians' opinions be reversed and the matter remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings in a manner consistent with the Court's opinion and Sixth Circuit law. *See* ECF No. 26. The Court declined to award Kurlinski benefits because the Court found "only that the ALJ did not conduct the proper analysis based upon the application of appropriate legal standards for his denial of benefits decision." ECF No. 26 at 17. The Court did not, therefore, decide whether substantial evidence existed in the record upon which to award benefits. ECF No. 26 at 17.

Plaintiff presently seeks an EAJA award in the total amount of $6,686.60 for work her counsel performed in federal court. ECF No. 28 and ECF No. 30. Plaintiff argues that the award is warranted because she was the prevailing party and that the Defendant's position was not substantially justified. ECF No. 28.[2] Defendant, on the other hand, argues that "the government's litigation position in the underlying action was substantially justified" because it

---

2

Kurlinski originally requested only $6,076.10. ECF No. 28. She increased her request by $610.50 for the additional time her counsel devoted in researching and writing the reply brief filed on May 27, 2009. *See* ECF No. 30 at 6 (Reply Brief). The total amount is appropriately supported by an attorney affidavits and itemized statements of time. *See* ECF Nos. 30 and 31 (Reply Brief and Amendment).

(1:07CV3726)

"reasonably pointed out that a claimant cannot simply leverage a diagnosis of fibromyalgia to argue that she is disabled." ECF No. 29 at 1 & 5. Additionally, Defendant argues that even if the Court finds the government's position was not substantially justified, then Plaintiff's fee request is not reasonable with respect to proper billing judgment and asks the Court to reduce any fees accordingly. ECF No. 29 at 7-8.

## II. Discussion

### A. The Equal Access to Justice Act

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Therefore, eligibility for a fee award in a civil action according to the EAJA requires that: 1) the claimant be a prevailing party, 2) the government's position was not "substantially justified," and 3) no special circumstances make an award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) citing (*Comm'r, I.N.S. v Jean*, 496 U.S. 154, 158 (1990)).

The EAJA permits an award of attorney's fees if the party requesting fees is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2 million at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). There is no dispute that Kurlinski's net worth was less than $2 million.

-3-

(1:07CV3726)

The parties do not dispute that Kurlinski became the "prevailing party" when she obtained reversal and remand for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). And the parties do not dispute that special circumstances make a fee award unjust, nor does the Court find any such circumstances. The dispute centers on whether the government's position was substantially justified.

     A substantially justified position means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the government must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce*, 487 U.S. at 566 n.2. The "substantial evidence" standard is not the same as the "substantial justification" standard under the EAJA. Even though the government's position was not supported by substantial evidence, if it rested on a reasonable basis in law and fact, then it may meet the substantial justification standard. *See id.*; *see also Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Comm'r, I.N.S. v. Jean*, 496 U.S. at 161-62 ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). Additionally, it is the government's burden under the EAJA to demonstrate that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) *citing*

(1:07CV3726)

(*Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991)); *see also Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007); *Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007).

**B.  Analysis**

  **1.  The Commissioner's Position was not Substantially Justified**.

Upon review of the ALJ's decision and Defendant's brief in opposition to Plaintiff's brief on the merits, the Court finds that Defendant unreasonably overlooked the ALJ's failure to apply the correct legal standards according to Sixth Circuit law when the ALJ evaluated the medical opinion evidence and determined credibility.  The government contends that its position "reasonably pointed out that a claimant cannot simply leverage a diagnosis of fibromyalgia to argue that she is disabled."  ECF No. 29 at 5.  This position may well be a reasonable argument in another case, but not this one.

Plaintiff asserted as one of her issues that "the ALJ erred by relying upon objective medical evidence to refute Kurlinski's credibility, and as a basis to reject the opinions of Kurlinski's treating physicians, even though Kurlinski suffers from — fibromyalgia . . . ."  ECF No. 17 at 2.  The government's position does not address this central problem, *i.e*, that the ALJ neglected to incorporate into his opinion the legal standards established in Sixth Circuit case law for diagnosing fibromyalgia which does not include relying on objective tests as conclusive evidence.  This is exactly what the ALJ did in this case; he relied exclusively on the "normal" and "objective" medical findings contained in the record to determine that Kurlinski's treating physicians' opinions lacked weight and that she lacked credibility.  Defendant's position, therefore,

(1:07CV3726)

cannot be found to have had a reasonable basis in law and is thus not substantially justified.

Defendant next argues that just because the Court remanded the case, the Court still rejected two out of five of Kurlinski's asserted issues. Additionally, Defendant reminds the Court that it disagreed with some of Kurlinski's arguments on the issues that were remanded. While the Court agrees with Defendant's score-keeping of the issues in this case, the government's litigation position as a whole did not have a reasonable basis in law. That the government did not confront the ALJ's neglectful analysis in its opposition brief is fatal to its argument that its litigation position had a reasonable basis in law. Moreover, because the ALJ did not follow Sixth Circuit law in his analysis, the medical opinion evidence evaluation and the credibility determination were flawed, which in turn caused the ALJ's entire residual functional capacity ("RFC") assessment to be infected with improper findings thereby necessitating the Court to direct the ALJ to revisit and conduct a completely new RFC assessment based on the "consideration of *all* the relevant medical and other evidence." ECF No. 26 at 16. As such, reviewing the case as a whole, Defendant's litigation position cannot be found to have had a reasonable basis in law and, thus, is not substantially justified.

### 2. No Special Circumstances make an Award of Fees Unjust.

The Court finds that no "special circumstances make an award unjust" in this case. Plaintiff's original fee request of $6,076.10 is reasonable with respect to proper billing judgment, including number of hours claimed and rates charged.

(1:07CV3726)

"The specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). Although Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute, the EAJA distinctly provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria. Balancing that discretion against any action that may regrettably chill an unsuccessful advocate's inclination to defend its (ultimately) non-victorious position, the Court's fees attributed to "researching and writing" the reply brief. *See* ECF No. 30 at 6. The efforts of Kurlinski's counsel in this matter have been laudable. Given the strength of the initial application for payment of attorney fees, however, the Court can only characterize the reply brief as more superlative than essential to the Court's ruling.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Application for payment of Attorney Fees as originally stated in ECF No. 28, under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is, hereby, granted an award of attorney fees under the EAJA in the total amount of $6,076.10. The case remains terminated on the docket of this Court.

IT IS SO ORDERED.

| | |
|---|---|
| May 29, 2009 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

(1:07CV3726)

-8-